ORIGINAL

REISSUED FOR PUBLICATION
9 FEB 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

FILED

JAN 10 2017

OSM
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * *
LEE PATALOWSKI,                     *
                                    *      No. 15-1499V
            Petitioner,             *      Special Master Christian J. Moran
                                    *
v.                                  *
                                    *      Filed: January 10, 2017
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *      Decision dismissing case;
                                    *      failure to prosecute.
            Respondent.             *
* * * * * * * * * * * * * * * * * * * *
```

Lee Patalowski, Lititz, PA, pro se;
Lisa A. Watts, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Lee Patalowski filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., on December 11, 2015. The petition alleged that he developed visual disturbances and was later diagnosed with optic neuritis/neuropathy, permanent vision loss, and possible multiple sclerosis as a result of the influenza ("flu") vaccination he received on December 12, 2012. The information in the record, however, does not show entitlement to an award under the Program.

### I.    Procedural History

A detailed procedural history of this case can be found in the order to show cause, filed October 14, 2016. In that order, Mr. Patalowski was instructed to

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

show cause as to why this case should not be dismissed by December 13, 2016. To date, Mr. Patalowski has not responded.

## II.    Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Mr. Patalowski suffered a "Table Injury." Thus, Mr. Patalowski is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, Mr. Patalowski did not file any medical records to support his claim. Accordingly, Mr. Patalowski failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED.**

Christian J. Moran
Special Master